■ In the Matter of JOSEPH BROUSSEAU, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [825 NYS2d 440]—

Determination of respondent Police Commissioner, dated January 4, 2005, finding petitioner guilty of (1) wrongfully restraining and handcuffing his girlfriend during an off-duty altercation, (2) allowing the girlfriend to violate an order of protection by permitting her to stay at his home, (3) interfering with a police investigation by falsely stating in an interview that an assistant district attorney had advised him that the girlfriend could stay at his home without violating the order of protection, and (4) failing to report that he had been involved in an off-duty police incident, and imposing a penalty of a 30-day suspension, unanimously confirmed, the petition denied and the proceeding (transferred to this Court by order of Supreme Court, New York County [Michael D. Stallman, J.], entered August 9, 2005) dismissed, without costs.

With respect to (1) above, petitioner's contention that, in violation of his right to due process (*see Matter of Murray v Murphy*, 24 NY2d 150, 157 [1969]), he was found guilty of the uncharged failure to follow police procedure after the wrongful handcuffing, rather than of the handcuffing itself, is without merit. The findings clearly state that the handcuffing was the misconduct of which petitioner was found guilty, and that the failure to follow procedure afterward was considered only as evidence of petitioner's intent, not as a separate charge. With respect to (2), the written modification of the order of protection that petitioner argues permitted the girlfriend to stay at his home (*but see People v Lewis*, 13 AD3d 208, 210-211 [2004] [victim cannot grant subject of an order of protection permission to enter off-limits premises], *affd on other grounds* 5 NY3d 546 [2005]) did no more than give the girlfriend additional limited visitation with the couple's child. Petitioner's testimony that the assistant district attorney who had handled the incident underlying the order of protection advised him that the modification allowed the girlfriend to stay at his home was flatly denied by the assistant district attorney, and no basis exists to disturb the hearing officer's findings of credibility (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). With respect to (3), the hearing officer's finding of "ambiguity" in petitioner's testimony concerning his understanding of his conversations with the assistant district attorney does not require a finding of not guilty, and was instead appropriately considered by the hearing officer as a mitigating factor. With respect to (4), we reject petitioner's argument that the requirement that he notify the Police Department of the incident involving the girlfriend to which state troopers responded was excused by the notification given by the troopers. The penalty of a 30-day suspension does not shock our conscience. We have considered petitioner's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Marlow, McGuire and Malone, JJ.